09-2111-cr
USA v. Bihn (Ceparano)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of  February, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> DENNY CHIN,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.

No.  09-2111-cr

DOROTHY CEPARANO,

> *Movant-Appellant*,

WILLIAM BIHN,
> *Defendant*.

---

[*] The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                                JEFFREY HERZBERG, Zinker & Herzberg, LLP, Smithtown, N.Y.

For Appellee:                                 BONNI J. PERLIN, Assistant United States Attorney (Varuni Nelson, Beth P. Schwartz, Margaret M. Kolbe, Assistant United States Attorneys, *on the brief*), *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Spratt, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this appeal is DISMISSED in part, but the order of the district court be and hereby is AFFIRMED in all other respects.

On February 23, 2009, in an effort to collect on a restitution judgment with respect to Stephen Ceparano ("Stephen"), the Government issued a subpoena duces tecum and a restraining notice upon Dorothy Ceparano ("Dorothy"), Stephen's wife. On April 7, 2009, Dorothy filed a motion seeking to vacate the restraining notice and quash the subpoena, and requesting a declaration that the United States had no interest or cause of action against her with respect to a property Dorothy owned at 17 Lipson Court, East Northport, New York or its sale proceeds. On May 13, 2009, the district court denied the motion in its entirety. This appeal followed. We assume the parties' familiarity with the facts and specification of issues on appeal.

As an initial matter, we do not reach the question of whether the district court properly denied Dorothy's motion to quash the subpoena because we lack jurisdiction to consider the issue. A denial of a motion to quash a subpoena is not directly appealable until the movant is held in contempt for having defied the subpoena. *See Dynegy Midstream Serv., LP v. Trammochem*, 451 F.3d 89, 92 (2d Cir. 2006) ("a district court's decision to compel compliance

2

with a subpoena or to deny a motion to quash a subpoena is generally not a 'final decision' and therefore is not immediately appealable") (quoting *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 574 (2d Cir. 2005)); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 469 (2d Cir. 1996) ("To obtain appellate review, the subpoenaed party must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under [28 U.S.C.] § 1291."). The parties do not contest this Court's lack of jurisdiction and we do not discuss it further here.

As to Dorothy's motion to vacate the restraining notice, we dismiss the appeal as moot in light of the Government's representation that the current restraining notice will expire on or around February 23, 2010, and that it has no plans to serve a renewed restraining notice at the present time.

Finally, we affirm the district court's denial of Dorothy's request for a declaratory judgment, but without prejudice to the initiation of a separate action to quiet title with respect to movant's property at 17 Lipson Court, East Northport, New York.

We have considered movant's remaining arguments and find them to be without merit.

For the foregoing reasons, this appeal is DISMISSED in part, but the order of the district court is **AFFIRMED** in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3